J-S02003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BUTCHIE LONG | : | |
| | : | |
| Appellant | : | No. 3691 EDA 2016 |

Appeal from the PCRA Order November 21, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003619-2012

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.*

MEMORANDUM BY BOWES, J.:                **FILED JUNE 18, 2018**

Butchie Long appeals from the order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

On the evening of November 10, 2011, two groups of men entered a Philadelphia convenience store at different times.  Video footage established that Appellant was in the first group.   The latter group included Ercel Butts-Stern and Rashan Gaffney.   An altercation between the groups occurred outside the store, during which Mr. Gaffney fired a shot at the ground.  A short time later, Mr. Butts-Stern was shot five times and left in the street. Bystanders Mazel Matthias and Tracie Hunter witnessed the incident, and they described that a man stood over Mr. Butts-Stern as he lay on the ground and shot him.  Their descriptions of the shooter matched the clothing Appellant had been wearing in the convenience store.  Mr. Butts-Stern died later that

_____

* Retired Senior Judge Assigned to the Superior Court.

evening in the hospital. Mr. Gaffney gave a statement to police identifying Appellant as the shooter.

Appellant was convicted of first-degree murder and firearms offenses and sentenced to life imprisonment. This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal. *Commonwealth v. Long*, 105 A.3d 785 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 108 A.3d 34 (Pa. 2015).

Appellant filed a timely, counseled PCRA petition. After an amendment, several supplements, and a hearing, the PCRA court denied Appellant's petition. Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but did author an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issues for our review, which we have reordered and paraphrased to omit unnecessary detail.[1]

> 1.    Trial counsel was ineffective for not presenting Delisa Griffin as a defense witness at trial.
>
> 2.    Trial counsel was ineffective for not interviewing or attempting to interview Eric Green before trial.
>
> 3.    The Commonwealth failed to produce exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).
>
> 4.    The cumulative impact of trial counsel's ineffectiveness and the Commonwealth's *Brady* violation entitles Appellant to relief.

---

[1] *See* Pa.R.A.P. 2116(a) ("The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail.").

Appellant's brief at 3-4.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1156 (Pa.Super. 2018) (internal quotation marks omitted).

We begin with Appellant's claims that his trial counsel rendered ineffective assistance, mindful of the following.

> Counsel is presumed effective, and an appellant has the burden of proving otherwise. In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> To prevail on his ineffectiveness claims, Appellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the [reasonable basis] prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the [prejudice] prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

***Commonwealth v. Brown***, 161 A.3d 960, 965 (Pa.Super. 2017) (citations and quotation marks omitted).

With his first two issues, Appellant contends trial counsel was ineffective in failing to call or investigate certain witnesses. "Counsel has a general duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary." *Commonwealth v. Johnson*, 966 A.2d 523, 535 (Pa. 2009). "The duty to investigate, of course, may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance." *Id*. at 535-36.

> [W]hen raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [*Strickland v. Washington*, 466 U.S. 668 (1984)] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial[.]
>
> To demonstrate *Strickland* prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense.

*Commonwealth v. Matias*, 63 A.3d 807, 810-11 (Pa.Super. 2013) (citations and quotation marks omitted).

With this in mind, we turn to Appellant's witness claims. Appellant contends that trial counsel, Eugene Tinari, Esquire, was ineffective in failing to call Delisa Griffin as an alibi witness. Ms. Griffin testified at the PCRA

hearing that Appellant was with her at the time of the murder, but that she did not come forward initially because doing so would reveal to her friend Jazmine Cobb, who was also Appellant's girlfriend at the time, that Ms. Griffin and Appellant had been sleeping together behind Ms. Cobb's back. N.T. PCRA Hearing, 11/21/16, at 96. However, she said that she eventually talked to Appellant's Attorney Tinari on the phone and informed him that she could offer alibi testimony. *Id*. at 87-90. Ms. Griffin indicated that she attended Appellant's trial with the understanding that she would be called as a witness, and spoke with Attorney Tinari in the hallway outside of the courtroom to inquire whether she would be called. *Id*.

Attorney Tinari testified that he knew Appellant's girlfriend was Ms. Cobb, and that he spoke to Ms. Cobb often. He did not recall Ms. Griffin, and did not remember ever discussing an alibi witness with Appellant as part of his defense. *Id*. at 114-15. Attorney Tinari indicated that the "defense centered around reasonable doubt that [they] believed was going to come from the Commonwealth witnesses," and that they did not have any witnesses to establish a different location for Appellant at the time of the shooting. *Id*. at 116. Had there been an alibi that was "appropriate and advantageous," Attorney Tinari would have filed the required notice of alibi. He filed no such notice in Appellant's case "[b]ecause it wasn't an alibi defense." *Id*. at 117. If Ms. Griffin had come to him in the middle of trial about being an alibi witness, he would have told her to stay outside the courtroom while he

attempted to obtain leave to present a late-identified witness so as not to violate witness sequestration. *Id*. at 124-25. Moreover, the trial transcript reveals that the trial court asked Appellant after the Commonwealth rested whether Appellant has any witnesses that should have been called but were not, and Appellant indicated that he did not. *Id*. at 35. Rather, Appellant stated that he was in agreement with Attorney Tinari's advice regarding potential witnesses. *Id*.

The PCRA court found no reason to disbelieve Attorney Tinari's testimony, and, conversely, that Ms. Griffin was incredible:

> Th[e PCRA c]ourt found [Ms.] Griffin's testimony unreliable as she could not conclusively establish that the events she described occurred on the night of the murder. While [she] described hosting [Appellant] at her home on the night of the murder, she appeared to describe a common pattern of her and [Appellant's] behavior instead of a specific recollection of events. When pressed to provide specifics, [Ms.] Griffin peppered her testimony with qualifiers and hedging.

PCRA Court Opinion, 1/27/17, at 8.

Appellant spends five pages in his brief arguing that Attorney Tinari was not a credible witness, but Ms. Griffin was. Appellant's brief at 66-70. However, it is well-established that "the PCRA court's credibility determinations are binding on the reviewing court, where there is record support for those determinations." *Commonwealth v. Lambert*, 765 A.2d 306, 323 (Pa.Super. 2000). The portions of the record discussed *supra* support the PCRA court's determinations. Accordingly, we are bound by them,

and we cannot grant relief based upon the argument that we should believe Appellant's witness instead.

Appellant's next argument, that Attorney Tinari was ineffective in failing to interview Eric Green, suffers from the same defect. Attorney Tinari testified at the PCRA hearing that he recalled Mr. Green's name from the discovery materials that the Commonwealth provided prior to Appellant's trial. Specifically, Mr. Green was identified in the police activity sheets as someone they questioned about Mr. Butts-Stern's murder when they interviewed him regarding an unrelated matter. However, the document indicates that no formal statement was taken from him because Mr. Green was not present during the murder and had no information about it. N.T. PCRA Hearing, 11/21/16, at 121-22.

Mr. Green testified at the PCRA hearing that he was with the decedent's group when he was shot, that he saw the shooter's face, that the shooter was not Appellant but was some unknown older bearded man, and that Mr. Green gave a statement to police informing them of all of these facts. N.T. PCRA Hearing, 11/18/16, at 31-36. Appellant contends that Mr. Green's testimony at the PCRA hearing "supports" the conclusion that, had Attorney Tinari interviewed Mr. Green, Attorney Tinari would have obtained an exculpatory statement that would have changed the outcome of Appellant's trial. Appellant's brief at 63-65.

The PCRA court determined the claim did not warrant relief because Mr. Green was not a credible witness. The PCRA court explained as follows.

[Mr.] Green's testimony was not only unpersuasive but also incredible. Nothing in [his] recollection of the facts indicated that he was present at the shooting and that his observations were accurate. [Mr.] Green failed to corroborate [Ms.] Matthias, [Ms.] Hunter, and [Mr.] Gaffney's testimony that the shooter stood over the decedent and executed him. [The statement given by another of the men who was with the decedent that night] does not mention that [Mr.] Green was present for the shooting, while [Mr.] Gaffney's statement can only confirm that [Mr.] Green was present prior to the shooting. Moreover, [Mr.] Green's testimony that he looked at the shooter's face for five minutes immediately before the shooting is implausible, as the eyewitnesses at trial testified that the decedent's group was running away from the perpetrator immediately before the shooting. [Mr.] Green's testimony is further clouded by the fact that he only developed this story after meeting [Appellant] in prison. Prior to that meeting, [Mr.] Green denied having been present at the shooting.

PCRA Court Opinion, 1/27/17, at 9-10 (citations omitted).

Again, the facts upon which the PCRA court bases its determination are supported by the record. Therefore, we cannot reach a different conclusion even though it is also supported by the record, by ignoring the PCRA court's credibility judgments. *Comonwealth v. Jones,* 912 A.2d 268, 293 (Pa. 2006) ("We will not disturb the findings of the PCRA court if they are supported by the record, even where the record could support a contrary holding."). Appellant's second claim merits no relief.

Appellant next contends that he is entitled to relief based upon *Brady v. Maryland*, *supra*. He maintains that the prosecution committed a *Brady*

violation by not advising the defense of the exculpatory statement Mr. Green gave to the police. Appellant's brief at 74.

"The crux of the **Brady** rule is that due process is offended when the prosecution withholds material evidence favorable to the accused." **Commonwealth v. Wholaver**, 177 A.3d 136, 158 (Pa. 2018). "To succeed on a **Brady** claim, the defendant must show: (1) evidence was suppressed by the prosecution; (2) the evidence, whether exculpatory or impeaching, was favorable to the defendant; and (3) prejudice resulted." **Commonwealth v. Hannibal**, 156 A.3d 197, 209 (Pa. 2016). "A **Brady** violation exists only where the suppressed evidence is material to guilt or punishment, i.e., where there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." **Id**.

As discussed above, the PCRA court did not believe that Mr. Green gave the exculpatory statement to the police upon which Appellant's claim is based. Accordingly, Appellant failed to prove that the prosecution suppressed favorable information. As such, Appellant's **Brady** claim warrants no relief. **See**, **e.g.**, **Commonwealth v. Roney**, 79 A.3d 595, 610 (Pa. 2013) (explaining **Brady** claim failed because, inter alia, the "PCRA court found that the Commonwealth had disclosed all the information in its possession").

Appellant's final contention on appeal is that the cumulative prejudice suffered by Attorney Tinari's alleged ineffectiveness and the Commonwealth's alleged **Brady** violation rendered his trial unconstitutionally unfair.

Appellant's brief at 76. We reject Appellant's claim. As discussed above, we have affirmed the PCRA court's conclusions that there was no ineffective assistance of counsel or **Brady** violation. The basis of our rejection of Appellant's individual claims was not his failure to prove prejudice. Therefore, Appellant cannot raise a claim of cumulative prejudice. **See Commonwealth v. Hutchinson**, 25 A.3d 277, 319 (Pa. 2011) ("[C]umulative prejudice from individual claims may be properly assessed in the aggregate **when the individual claims have failed due to lack of prejudice**[.]"). Thus, Appellant's final issue merits no relief.

Appellant has failed to convince this Court that the PCRA court erred and that he is entitled to relief. **Commonwealth v. Miner**, 44 A.3d 684, 688 (Pa.Super. 2012) ("It is an appellant's burden to persuade us that the PCRA court erred and that relief is due."). Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/18/18